# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIA BLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 20-cv-4043-JWB-TJJ |
| ) | |
| WYANDOTTE COUNTY DETENTION ) | |
| CENTER and CORRECT CARE, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] filed a Complaint asserting a wrongful death claim under Kansas state law, arising out of her son's suicide while he was being held in the Wyandotte County Detention Center in August 2018. She also alleges Defendants denied him adequate medical care and attention. Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 4) requesting that the Court appoint a lawyer to represent her in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[2] In cases where the plaintiff has been granted *in forma pauperis* status, the court "may request an

---

[1] *See* Order granting Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 6).

[2] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

attorney to represent any person unable to afford counsel."[3]  The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4]  In determining whether to appoint counsel under Section 1915(e)(1), the district court may consider a variety of factors, including:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5]  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]

Recognizing that Congress did not provide any mechanism for compensating appointed counsel in civil cases, the Tenth Circuit Court of Appeals has cautioned courts to make "[t]houghtful and prudent use of the appointment power . . .  so that willing counsel may be located without the need to make coercive appointments."[7]  The Court's form motion requires the party requesting the appointment of counsel to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion.  This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.

Reviewing the Complaint and motion for appointment of counsel under the above-referenced factors, the Court finds that Plaintiff's request for appointment of counsel should be

---

[3] 28 U.S.C. § 1915(e)(1).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[6] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[7] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

denied at this time, but without prejudice to refiling another motion at a later date. Plaintiff indicates in her Complaint that her former "attorney resigned without reasonable explanation. Shortly after that this COVID pandemic started."  In her motion, Plaintiff indicates that she contacted four other attorneys, but simply states they were unable to take her case with no further explanation.  Because Plaintiff apparently had an attorney representing her at some point and given the Court's own difficulty in locating an attorney who handles this type of case and who is available and willing to be appointed, the Court will deny Plaintiff's motion without prejudice and require Plaintiff to contact an additional five (5) attorneys who handle cases similar to hers to see if she can find an attorney on her own before she can file another motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is DENIED WITHOUT PREJUDICE.  If Plaintiff opts to file another motion for appointment of counsel, Plaintiff must show she contacted an additional five attorneys who handle cases similar to hers and was unable to obtain their services.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated in Kansas City, Kansas, this 16th day of October 2020.

Teresa J. James
U. S. Magistrate Judge