IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIA BLAIN,

        Plaintiff,

v.                             Case No. 20-4043-JWB

WYANDOTTE COUNTY DETENTION
CENTER and CORRECT CARE,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motions to dismiss and memoranda in support. (Docs. 10, 11, 14, 15.) Plaintiff failed to timely respond to the motions. On January 22, 2021, this court entered a show cause order requiring Plaintiff to respond to the outstanding motions and show cause as to why the motions should not be granted as uncontested. (Doc. 19.) Plaintiff was required to respond to the show cause order by February 5, 2021. Plaintiff has failed to respond to this court's order. For the reasons stated herein, Defendants' motions are GRANTED.

**I.  Facts**

The facts stated herein are taken from the allegations in the complaint. Plaintiff Julia Blain alleges that her son was an inmate in the Wyandotte County Detention Center ("the Detention Center") from August 8, 2018 to August 13, 2018. Plaintiff's son was allegedly denied medical attention and placed in a cell by himself. During the time frame alleged, he suffered both physically and mentally. Plaintiff's son made pleas for help that were ignored. Ultimately, Plaintiff's son committed suicide after failing to receive the help he needed. (Doc. 1 at 3.)

1

Plaintiff brings claims under 42 U.S.C. § 1983 and K.S.A. 60-191, the Kansas wrongful death statute. Plaintiff has asserted her claims against the Detention Center and Correct Care. Plaintiff seeks damages for pain and suffering and for her emotional distress due to her son's death. (Doc. 1 at 4.) Both Defendants move to dismiss on several grounds.

**II.   Standards**

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Although Plaintiff has failed to file responses to the pending motions, the court cannot dismiss Plaintiff's complaint on this basis and must evaluate the sufficiency of the claims on the merits. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003).

### III.  Analysis

#### A.  Detention Center

The Detention Center argues that it is not an entity which can be sued under Kansas law. Under Fed. R. Civ. P. 17(b), the capacity of a party to be sued in federal court is to be determined by the law of the state where the court is located. Kansas courts have held that "[s]ubordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued." *Mashaney v. Bd. of Indigents' Def. Serv.*, 302 Kan. 625, 630, 355 P.3d 667, 672 (Kan. 2015) (quoting *Lindenman v. Umscheid*, 255 Kan. 610, 628-29, 875 P.2d 964, 977 (Kan. 1994)). This court has consistently held that "Kansas county jails are not legal entities that can be sued." *See, e.g., Caranchini v. Hayden*, No. 19-2067-CM-JPO, 2019 WL 2567734, at *2 (D. Kan. June 21, 2019) (citing *Gray v. Kufahl*, No. 15-9203-CM, 2016 WL 4613394, at *3 (D. Kan. Sept. 6, 2016)).

In order to state a claim against a county, Plaintiff must sue the "board of county commissioners" of the county. K.S.A. 19-105. The Kansas legislature has not provided the Detention Center with the capacity to sue or be sued. *Caranchini*, 2019 WL 2567734, at *2. Therefore, the Detention Center must be dismissed from this action.[1]  *Id.*

#### B.  Standing

---

[1] Although Plaintiff could remedy this defect by amending her complaint to add the Board of County Commissioners, Plaintiff has failed to respond to the pending motions and Plaintiff's claims as pled are subject to dismissal for the additional reasons stated herein.

Correct Care moves for dismissal of the claims related to an alleged violation of Plaintiff's son's civil rights on the basis that Plaintiff does not have standing to bring these claims. Liberally construing Plaintiff's complaint, Plaintiff asserts that her son's Eighth Amendment right to adequate medical care has been violated. A § 1983 claim "must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). The Tenth Circuit has held that a decedent's estate may maintain a survival action under section 1983. *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1506–07 (10th Cir. 1990). Here, Plaintiff has filed this action in her individual capacity. This action must be brought by Plaintiff's son's estate and not by Plaintiff individually. *Id.* Therefore, claims alleging a violation of Plaintiff's son's civil rights are subject to dismissal for lack of standing.

### C. Interference with Familial Relationship

Liberally construing Plaintiff's complaint, Plaintiff may also be pleading a claim of interference with familial relationship. The Tenth Circuit has explained that this constitutional liberty involves maintaining "certain intimate human relationships [that] must be secured against undue intrusion by the State…." *Trujillo v. Board of County Comm'rs*, 768 F.2d 1186, 1188 (10th Cir. 1985). In order to state a claim for an interference with this right, Plaintiff must allege an "intent to interfere with a particular relationship protected by the freedom of intimate association…." *Id.* at 1190. Although Plaintiff has alleged that she has suffered extreme grief and sadness, she has failed to allege that Correct Care, or any individual employed by Correct Care, intended to interfere with that relationship.

Therefore, the motion to dismiss Plaintiff's civil rights claim is granted.[2]

---

[2] Although Defendants also assert that Plaintiff's claims are untimely, the court declines to dismiss the complaint on this basis. According to Defendants, the statute of limitations expired on August 13, 2020, and this court's docket shows the complaint being filed on August 14, 2020. The documents filed by Plaintiff, including the complaint and motion to proceed in forma pauperis, state that Plaintiff signed the documents on August 13. (Docs. 1, 3.) The docket

**D. State Law Wrongful Death**

Finally, the only remaining claim against Correct Care is the claim for wrongful death under state law. This court's jurisdiction in this matter is based on the federal claims which have been dismissed. Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction over the state-law claim that remains. *See Carroll v. Lawton Ind. School Distr. No. 8*, 805 F.3d 1222, 1230 (10th Cir. 2015). The court declines to exercise supplemental jurisdiction in this matter and will dismiss Plaintiff's remaining claim, without prejudice.

**IV.   Conclusion**

Defendants' motions to dismiss (Docs. 10, 14) are accordingly GRANTED. This matter is DISMISSED, without prejudice.

IT IS SO ORDERED.  Dated this 10th day of February, 2021.

                                                      __s/ John W. Broomes_____
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE

---

sheet does not indicate how Plaintiff transmitted her complaint to the court, e.g. in person or by email, although it does not appear that she submitted it through the mail or the clerk would have attached the envelope in the filing.